**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____  Chapter __11__

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **North American Lifting Holdings, Inc.** |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | 45-3754231 |

4. **Debtor's address**

**Principal place of business**

**925 S. Loop West**
**Houston, TX 77054**
Number, Street, City, State & ZIP Code

**Harris**
County

**Mailing address, if different from principal place of business**

_____
Number, Street, City, State & ZIP Code

**Location of principal assets, if different from principal place of business**

_____
Number, Street, City, State & ZIP Code

5. **Debtor's website** (URL)    **www.tntcrane.com**

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

26717976.1

Debtor  **North American Lifting Holdings, Inc.**  Case number (*if known*) _____
        Name

**7.  Describe debtor's business**    A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**532412**

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply:*

　　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

　　☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

　　☒ A plan is being filed with this petition.

　　☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

　　☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

　　☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes

District _____ When _____ Case number _____

District _____ When _____ Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☐ No

☒ Yes

Debtor   SEE ATTACHED SCHEDULE A _____ Relationship _____

District _____ When _____ Case number, if known _____

| Debtor | **North American Lifting Holdings, Inc.** | Case number (*if known*) |
|---|---|---|
| | Name | |

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____
Contact name _____
Phone _____

---

**■ Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**
**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☒ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**
**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☒ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50   million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**
**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☒ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50   million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

Debtor    **North American Lifting Holdings, Inc.** _____        Case number (*if known*) _____
    Name

| | Request for Relief, Declaration, and Signatures |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **08/23/2020** _____
                MM / DD / YYYY

**X** *_/s/ Michael Appling, Jr._* _____        **Michael Appling, Jr.** _____
    Signature of authorized representative of debtor        Printed name

Title    **Chief Executive Officer** _____

**18. Signature of attorney**

**X** *_/s/ Edmon L. Morton_* _____        Date **08/23/2020** _____
    Signature of attorney for debtor            MM / DD / YYYY

**Edmon L. Morton** _____
Printed name

**Young Conaway Stargatt & Taylor, LLP** _____
Firm name

**1000 North King Street, Wilmington, Delaware 19801** _____
Number, Street, City, State & ZIP Code

Contact phone    **(302) 571-6600** _____        Email address    **emorton@ycst.com** _____

**3856 (Delaware)** _____
Bar number and State

## SCHEDULE A

### Pending Bankruptcy Cases Filed by Affiliated Entities

On the date hereof, each of the related entities listed below (collectively, the "***Debtors***"), including the debtor in this chapter 11 case, filed a petition in the United States Bankruptcy Court for the District of Delaware (the "***Court***") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532.  Contemporaneously with the filing of their voluntary petitions, the Debtors filed a motion requesting that the Court jointly administer their chapter 11 cases for administrative purposes only.

| Company | Tax ID # |
|---|---|
| TNT Crane & Rigging, Inc. | 76-0130026 |
| North American Lifting Holdings, Inc. | 45-3754231 |
| FR TNT Holdings LLC | 83-1611879 |
| FR TNT Holdings II Corp. | 42-1777614 |
| Southway Crane & Rigging, LLC | 58-2486621 |
| Southway Crane & Rigging – Columbia, LLC | 04-3695463 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | § | Chapter 11 |
|  | § |  |
| TNT CRANE & RIGGING, INC., *et al.*,[1] | § |  |
|  | § | Case No.  20-_____(__) |
| Debtors. | § |  |
|  | § | (Joint Administration Requested) |
|  | § |  |
|  | § |  |
|  | § |  |
|  | § |  |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
AND LIST OF EQUITY INTEREST HOLDERS PURSUANT TO
BANKRUPTCY RULES 1007(a)(1) 1007(a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy

Procedure, the above-captioned debtors and debtors in possession (each, a "***Debtor***" and

collectively, the "***Debtors***") hereby state as follows:

1. Debtor FR TNT Holdings LLC ("***TNT Holdings***") is the indirect or direct parent of each Debtor.  TNT Holdings is 100% owned by non-Debtor FR TNT Allison Corp.

2. Debtor FR TNT Holdings II Corp ("***TNT Holdings II***") is 100% owned by TNT Holdings.

3. Debtor North American Lifting Holdings, Inc. ("***N. Am. Lifting Holdings***") is 90% owned by TNT Holdings II and 10% owned by TNT Holdings.

4. A list of Debtor N. Am. Lifting Holdings' equity interest holders, their addresses, and the nature of their equity interests is attached hereto as **Exhibit A**.

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's United States federal tax identification number, are: TNT Crane & Rigging, Inc. (0026); North American Lifting Holdings, Inc. (4231); FR TNT Holdings LLC (1879); FR TNT Holdings II Corp. (7614); Southway Crane & Rigging, LLC (6621) and Southway Crane & Rigging – Columbia, LLC (5463). The mailing address for each of the Debtors is 925 S. Loop West, Houston, Texas 77054.

5.      Debtor TNT Crane & Rigging, Inc. is 100% owned by N. Am. Lifting Holdings.

6.      Debtors Southway Crane & Rigging, LLC and Southway Crane & Rigging – Columbia, LLC are each 100% owned by TNT Crane & Rigging, Inc.

2

**EXHIBIT A**

| Name | Address | Nature of Equity Interests | Ownership Percentage |
|---|---|---|---|
| FR TNT HOLDINGS II CORP. | 925 S. Loop West Houston, TX 77054 | Common Stock | 90% |
| FR TNT HOLDINGS LLC | 925 S. Loop West Houston, TX 77054 | Common Stock | 10% |

**Fill in this information to identify the case:**

Debtor name: TNT Crane & Rigging Inc., et al.

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | IPFS CORPORATION 1055 BROADWAY, 11TH FLOOR KANSAS CITY, MO 64105 | IPFS CORPORATION 1055 BROADWAY, 11TH FLOOR PHONE: 877-674-3076 FAX: EMAIL: | Insurance | | | | $640,961.95 |
| 2 | SG EQUIPMENT FINANCE USA CORP ATTN: EILEEN GOH 480 WASHINGTON BLVD, 24TH FLOOR JERSEY CITY, NJ 7310 | SG EQUIPMENT FINANCE USA CORP 480 WASHINGTON BLVD, 24TH FLOOR PHONE: FAX: EMAIL: us-sgef-account-inquiry@socgen.com | RPO | | | | $475,000.00 |
| 3 | ANDERSON MACHINERY COMPANY P.O BOX 4806 CORPUS CHRISTI, TX 78469-4806 | ANDERSON MACHINERY COMPANY P.O BOX 4806 PHONE: FAX: EMAIL: cmitchell@amcotx.com | RPO | | | | $444,702.37 |
| 4 | ERNST AND YOUNG US LLP 200 PLAZA DRIVE SUITE 2222 SECAUCUS, NJ 07094 | ERNST AND YOUNG US LLP 200 PLAZA DRIVE SUITE 2222 PHONE: 713-750-1500 FAX: EMAIL: | AP Trade | | | | $304,416.83 |
| 5 | STONEBRIAR COMMERCIAL FINANCE PO BOX 874052 KANSAS CITY, MO 64187-4052 | STONEBRIAR COMMERCIAL FINANCE PO BOX 874052 PHONE: FAX: EMAIL: billing@stonebriarcf.com | RPO | | | | $279,983.77 |
| 6 | NATIONS BUILDERS INSURANCE SERVICES, INC. 2859 PACES FERRY ROAD ALTANA, GA 30339 | NATIONS BUILDERS INSURANCE SERVICES, INC. PHONE: FAX: EMAIL: dsperry@nbis.com | Insurance | | | | $184,495.00 |
| 7 | ENCINA EQUIPMENT JAMES GIAQUINTO 83 WOOSTER HEIGHTS ROAD, SUITE 125 DANBURY, CT 06810 | ENCINA EQUIPMENT 83 WOOSTER HEIGHTS ROAD, SUITE 125 PHONE: 475-289-7805 FAX: EMAIL: jgiaquinto@encinacapital.com | RPO | | | | $143,917.91 |
| 8 | DE LAGE LANDEN P.O. BOX 41602 PHILADELPHIA, PA 19101-1602 | DE LAGE LANDEN P.O. BOX 41602 PHONE: 800-736-0220 FAX: EMAIL: | RPO | | | | $124,461.78 |
| 9 | LANDSTAR INWAY INC 12793 COLLECTIONS CENTER DRIVE CHICAGO, IL 60693 | LANDSTAR INWAY INC 12793 COLLECTIONS CENTER DRIVE PHONE: 800-872-9400 FAX: EMAIL: | AP Trade | | | | $121,718.40 |
| 10 | ACME TRUCK LINE INC MSC-410683- P.O BOX 415000 NASHVILLE, TN 37241 | ACME TRUCK LINE INC MSC-410683- P.O BOX 415000 PHONE: 504-368-2510 FAX: EMAIL: | AP Trade | | | | $113,900.00 |
| 11 | J A M DISTRIBUTING CO P.O. BOX 201978 DALLAS, TX 75320-1978 | J A M DISTRIBUTING CO P.O. BOX 201978 PHONE: 409-832-8502 FAX: EMAIL: | AP Trade | | | | $97,340.32 |
| 12 | ACCIONA WINDPOWER NORTH AME 155 FAWCETT DRIVE WEST BRANCH, IA 52358 | ACCIONA WINDPOWER NORTH AME 155 FAWCETT DRIVE PHONE: FAX: EMAIL: | Customer | | | | $83,500.00 |
| 13 | LITTLER MEDELSON PC PO BOX 207137 DALLAS, TX 75320-7137 | LITTLER MEDELSON PC PO BOX 207137 PHONE: 800-264-1031 FAX: EMAIL: | AP Trade | | | | $77,975.85 |
| 14 | EXACT CRANE & EQUIPMENT CORP LUISA KELLY 28985 AMBINA DRIVE SOLON, OH 44139 | EXACT CRANE & EQUIPMENT CORP 28985 AMBINA DRIVE PHONE: FAX: EMAIL: lukelly@exactcrane.com | RPO | | | | $65,700.38 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 15 | JAGUAR FUELING SERVICES LLC PO BOX 4356 DEPT 409 HOUSTON, TX 77210-4356 | JAGUAR FUELING SERVICES LLC PO BOX 4356 DEPT 409 PHONE: 844-524-3835 FAX: EMAIL: | AP Trade | | | | $65,336.29 |
| 16 | LIFT SOURCE MACHINERY JUSTIN LEPOTEN 109 N POST OAK LN STE 400 HOUSTON, TX 77024 | LIFT SOURCE MACHINERY 109 N POST OAK LN STE 400 PHONE: FAX: EMAIL: justin@lsmcrane.com | RPO | | | | $64,081.70 |
| 17 | MAZZELLA LIFTING COMPANIES PO BOX 637435 CINCINNATI, OH 45263 | MAZZELLA LIFTING COMPANIES PO BOX 637435 PHONE: 440-239-7000 FAX: EMAIL: | AP Trade | | | | $63,783.31 |
| 18 | UTILITY TRAILER SALES SOUTHEAST TEXAS INC PO BOX 24399 HOUSTON, TX 77229 | UTILITY TRAILER SALES SOUTHEAST TEXAS INC PO BOX 24399 PHONE: 713-674-8000 FAX: EMAIL: | AP Trade | | | | $63,067.32 |
| 19 | VERIZON WIRELESS SERVICES LLC P.O. BOX 660108 DALLAS, TX 75266 | VERIZON WIRELESS SERVICES LLC P.O. BOX 660108 PHONE: 800-922-0204 FAX: EMAIL: | Utilities | | | | $53,675.00 |
| 20 | BRIDGESTONE AMERICAS TIRE OPERATIONS LLC PO BOX 730026 DALLAS, TX 75373-0026 | BRIDGESTONE AMERICAS TIRE OPERATIONS LLC PO BOX 730026 PHONE: 615-937-3434 FAX: EMAIL: | AP Trade | | | | $51,863.85 |
| 21 | LIEBHERR CRANES INC PO BOX 603928 CHARLOTTE, NC 28260-3928 | LIEBHERR CRANES INC PO BOX 603928 PHONE: 757-245-5251 FAX: EMAIL: | AP Trade | | | | $50,788.52 |
| 22 | ELITE PIPING AND CIVIL LTD ATTN: ACCTS PAYABLE 225 S. 16TH STREET LA PORTE, TX 77571 | ELITE PIPING AND CIVIL LTD 225 S. 16TH STREET PHONE: FAX: EMAIL: | Customer | | | | $50,418.75 |
| 23 | XTRA LEASE PO BOX 219562 KANSAS CITY, MO 64121-9562 | XTRA LEASE PO BOX 219562 PHONE: FAX: EMAIL: naelwin@xtra.com | AP Trade | | | | $50,221.60 |
| 24 | TEREX GLOBAL GMBH 62352 COLLECTIONS CENTER DR. CHICAGO, IL 60693 | TEREX GLOBAL GMBH 62352 COLLECTIONS CENTER DR. PHONE: FAX: EMAIL: JEANNA@HMS1.NET | RPO | | | | $50,042.75 |
| 25 | MOTIVA ENTERPRISES LLC PORT ARTHUR REFINERY-SERVICES PO BOX 4679 HOUSTON, TX 77210-4679 | MOTIVA ENTERPRISES LLC PORT ARTHUR REFINERY-SERVICES PO BOX 4679 PHONE: FAX: EMAIL: | Customer | | | | $46,319.92 |
| 26 | PRECISION TRANSMISSION INC 159 DISCOVERY DRIVE COLMAR, PA 18915 | PRECISION TRANSMISSION INC 159 DISCOVERY DRIVE PHONE: FAX: EMAIL: | AP Trade | | | | $43,957.51 |
| 27 | ILAND INTERNET SOLUTIONS CORPORATION 125 N LOOP W 8TH FLOOR HOUSTON, TX 77008 | ILAND INTERNET SOLUTIONS CORPORATION PHONE: FAX: EMAIL: | AP Trade | | | | $43,383.44 |
| 28 | DEUTSCHE LEASING USA INC 190 SOUTH LASALLE STREET SUITE 2150 CHICAGO, IL 60603 | DEUTSCHE LEASING USA INC 190 SOUTH LASALLE STREET SUITE 2150 PHONE: 312-345-0690 FAX: EMAIL: | RPO | | | | $36,662.45 |
| 29 | ALLEGIANCE FINANCIAL GROUP INC LINDSEY FREUND PO BOX 8490 CAROL STREAM, IL 60197-8490 | ALLEGIANCE FINANCIAL GROUP INC PO BOX 8490 PHONE: FAX: EMAIL: lindsey.freund@AFG2000.com | RPO | | | | $36,615.56 |
| 30 | H E EQUIPMENT SERVICES INC P.O. BOX 849850 DALLAS, TX 75284-9850 | H E EQUIPMENT SERVICES INC P.O. BOX 849850 PHONE: 800-400-7016 FAX: EMAIL: | AP Trade | | | | $33,917.53 |

*Execution Version*

### ACTION BY WRITTEN CONSENT
### OF THE
### AUTHORIZING BODIES
### OF THE
### TRANSACTION PARTIES

**August 23, 2020**

One or more of the undersigned, as set forth on the signature pages hereof, acting pursuant to the applicable statutory and other legal requirements for each of the entities listed in <u>Annex I</u> attached hereto (each, a "<u>Transaction Party</u>"), constitute all of the directors, executive committee members, members, managers or applicable representatives (each, an "<u>Authorizing Body</u>") required by applicable law and the applicable Transaction Party's organizational documents (the "<u>Applicable Requirements</u>") to act for each such Transaction Party, and each and all of the undersigned, acting in accordance with the authority contained in the Applicable Requirements, waiving all notice, do hereby consent to and adopt the resolutions set forth on <u>Exhibit A</u> attached hereto and authorize the taking of actions specified therein without a meeting, by written consent (this "<u>Consent</u>") by each Transaction Party, and all such authorizations of actions by any Transaction Party hereunder shall include actions taken by such Transaction Party on behalf of itself and (if applicable) as a shareholder, member, managing member or other type of representative, whether similar to or different from the foregoing, with the power, alone or together with other such representatives, to take action on behalf of, or to bind, another person.

This Consent may be executed in counterparts and all counterparts so executed shall constitute one Consent for each applicable Transaction Party, notwithstanding that all directors, members or applicable representatives of each Authorizing Body are not signatories to the original or the same counterpart.

IN WITNESS WHEREOF, the undersigned have duly executed this Consent as of the date first written above.

*[Counterpart Signature Sheets follow]*

## COUNTERPART SIGNATURE SHEET

Attached to and forming a part of the Action by Written Consent of the Authorizing Body of the following entity:       **FR TNT HOLDINGS LLC**

By: _____
Name:  Michael Appling, Jr.
Title:    Member

By: _____
Name:  Gary Reaves
Title:    Member

[Signature Page to Action by Written Consent]

<u>COUNTERPART SIGNATURE SHEET</u>

Attached to and forming a part of the Action by Written Consent of the Authorizing Body of the following entity:          **FR TNT HOLDINGS II CORP.**

By:      _____
Name:    Michael Appling, Jr.
Title:    Director

By:      _____
Name:    Gary Reaves
Title:    Director

By:      _____
Name:    Jonathan Foster
Title:    Director

[Signature Page to Action by Written Consent]

COUNTERPART SIGNATURE SHEET

Attached to and forming a part of the Action by Written Consent of the Authorizing Body of the following entity:          **FR TNT HOLDINGS II CORP.**


By:      _____
Name:  Michael Appling, Jr.
Title:   Director


By:      _____
Name:  Gary Reaves
Title:   Director


By:      _____
Name:  Jonathan Foster
Title:   Director


[Signature Page to Action by Written Consent]

**Error! Unknown document property name.**

COUNTERPART SIGNATURE SHEET

Attached to and forming a part of the Action by Written Consent of the Authorizing Body of the following entity:        **NORTH AMERICAN LIFTING HOLDINGS, INC.**

By: _____

Name:   Michael Appling, Jr.
Title:     Director

COUNTERPART SIGNATURE SHEET

Attached to and forming a part of the Action by Written Consent of the Authorizing Body of the following entity:    **TNT CRANE & RIGGING, INC.**

By: _____
Name:  Michael Appling, Jr.
Title:    Director

By: _____
Name:  Gary Reaves
Title:    Director

[Signature Page to Action by Written Consent]

COUNTERPART SIGNATURE SHEET

Attached to and forming a part of the Action by Written Consent of the Authorizing Body of the following entities:    **SOUTHWAY CRANE & RIGGING—COLUMBIA, LLC**

**SOUTHWAY CRANE & RIGGING, LLC**

By: TNT Crane & Rigging, Inc., their Sole Member

By:

Name:  Michael Appling, Jr.
Title:    Chief Executive Officer

[Signature Page to Action by Written Consent]

## ANNEX I

## TRANSACTION PARTIES

| | |
|---|---|
| FR TNT Holdings LLC | Delaware limited liability company |
| FR TNT Holdings II Corp. | Delaware corporation |
| North American Lifting Holdings, Inc. | Delaware corporation |
| TNT Crane & Rigging, Inc. | Texas corporation |
| Southway Crane & Rigging, LLC | Georgia limited liability company |
| Southway Crane & Rigging—Columbia, LLC | South Carolina limited liability company |

**EXHIBIT A:**

**WRITTEN CONSENT**

Each applicable Transaction Party is herein referred to as the "<u>Company</u>".

*Overview*

WHEREAS, the Authorizing Body, after consulting with management and the Company's legal and financial advisors, and considering all alternatives, including the strategic alternatives available to the Company and the Company's cash flow, liquidity and general financial condition, and having considered the Company's obligations under that certain restructuring support agreement dated as of August 3, 2020, has deemed it advisable and in the best interests of the Company and its stakeholders that the Company seek relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), as taking such action presents the best opportunity to maximize the Company's enterprise value, and to authorize any Authorized Person (as defined below) to take such other actions with respect thereto or contemplated thereby as shall be authorized in the following resolutions, and such other actions as they may deem appropriate to effect such transactions and these resolutions.

WHEREAS, it is proposed that the Company enter into a new debtor in possession facility (the "<u>DIP Facility</u>") along with certain associated documents and consummate the transactions contemplated therein and thereby (collectively, the "<u>DIP Facility Transactions</u>") with the agent and the lenders party thereto (the "DIP Parties"); and

WHEREAS, in furtherance of the foregoing, the Authorizing Body desires to approve the following resolutions.

**Commencement of Chapter 11 Cases**

NOW THEREFORE, BE IT RESOLVED, that the Authorizing Body, after consulting with management and the Company's legal and financial advisors, has deemed it advisable and in the best interests of the Company and its stakeholders that petitions be filed by the Company seeking relief under the provisions of Chapter 11 of Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>"); and

RESOLVED, that any Authorized Person be, and each hereby is, authorized, empowered, and directed to execute and file in the name and on behalf of the Company all petitions, schedules, motions, lists, applications, pleadings, and other papers in the Bankruptcy Court, and, in connection therewith, to engage and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, and to take and perform any and all further acts and deeds which such Authorized Person deems necessary, proper, or desirable in connection with the Company's Chapter 11 cases (the "<u>Chapter 11 Cases</u>"), including, without limitation, negotiating, executing, delivering and performing any and all documents, agreements, certificates and/or instruments in connection with the transactions and professional retentions set forth in these resolutions, with a view to the successful prosecution of the Chapter 11 Cases.

**Debtor-in-Possession Financing**

RESOLVED, that the Company as a debtor and a debtor in possession under Chapter 11 of the Bankruptcy Code, shall be, and hereby is, authorized to: (a) enter into, perform under, and consummate the DIP Facility and the DIP Facility Transactions with the DIP Parties, including without

limitation, borrowings thereunder on such terms substantially consistent with those presented to the Authorizing Body on or prior to the date hereof and as may be further approved, modified or amended by any Authorized Person, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Company; (b) provide indemnities, pay related fees and grant security interests (including superpriority priming first lien security interests) in and liens and mortgages on some, all or substantially all of the Company's assets, in such case, as may be deemed necessary or desirable by any Authorized Person in connection with the DIP Facility Transactions; and

RESOLVED, that: (a) any Authorized Person be, and each hereby is, authorized and directed in the name of, and on behalf of the Company, as debtor and debtor in possession, to take such actions and execute, acknowledge, deliver and verify such agreements, certificates, instruments, guaranties, notices and any and all other documents as any Authorized Person may deem necessary or appropriate to consummate or facilitate the DIP Facility Transactions, including any credit agreement, fee letter or term sheet (collectively, the "DIP Facility Documents"); (b) DIP Facility Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or desirable by any Authorized Person are hereby approved; and (c) the actions of any Authorized Person taken pursuant to this resolution, including the execution, acknowledgement, delivery and verification of all agreements, certificates, instruments, guaranties, notices and other documents, shall be conclusive evidence of the Authorizing Body's approval thereof and the necessity or desirability thereof.

**Plan, Disclosure Statement and Restructuring Documents**

RESOLVED, that the Company, as a debtor and a debtor in possession under Chapter 11 of the Bankruptcy Code, shall be, and hereby is, authorized to: (a) execute and file with the Bankruptcy Court a Chapter 11 plan having terms substantially consistent with those presented to the Authorizing Body on or prior to the date hereof and as may be further approved, modified or amended by any Authorized Person, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Company and its subsidiaries (the "Plan"), the associated disclosure statement (the "Disclosure Statement"), and any other associated documents and solicitation material, and pursue and take all actions necessary or desirable in furtherance of the transactions contemplated therein as may be further approved, modified or amended by any Authorized Person, or as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Debtor Entities and their subsidiaries (the "Restructuring Transactions"); and (b) pay related fees and expenses as may be deemed necessary or desirable by any Authorized Person in connection with the Plan or Disclosure Statement and the Restructuring Transactions; and

RESOLVED, that: (a) any Authorized Person be, and each hereby is, authorized and directed in the name of, and on behalf of the Company, as a debtor and a debtor in possession, to take such actions and execute, acknowledge, deliver and verify the Plan and Disclosure Statement, and such agreements, certificates, notices and any and all other documents as any Authorized Person may deem necessary or appropriate in connection with the Plan, the Disclosure Statement and any other related documents, including any engagement letters, commitment letters, fee letter or other documents in connections with the incurrence of indebtedness contemplated thereby (the "Restructuring Documents") and the Restructuring Transactions; (b) the Restructuring Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or desirable by any Authorized Person are hereby approved; (c) any Authorized Person shall be, and hereby is, authorized and directed in the name of, and on behalf of the Company, as a debtor and a debtor in possession, to authorize counsel to draft, file and seek approval of the Restructuring Documents, including approval of the Disclosure Statement and confirmation of the Plan; and (d) the actions of any Authorized Person taken pursuant to this resolution, including the execution, acknowledgement, delivery and verification of all Restructuring Documents and all related agreements, certificates, instruments, guaranties, notices and other

documents, shall be conclusive evidence of such Authorized Person's approval thereof and the necessity or desirability thereof.

## Retention of Professionals

RESOLVED, that any Authorized Person be, and each hereby is, authorized and directed in the name and on behalf of the Company to engage the law firm Simpson Thacher & Bartlett LLP as general bankruptcy counsel to represent and assist the Debtor Entities in carrying out their duties under the Bankruptcy Code or in the Chapter 11 Cases and to take any and all actions to advance the Debtor Entities' rights and obligations in the Chapter 11 Cases, the Restructuring Transactions and all related matters, and any such prior actions are hereby ratified in their entirety;

RESOLVED, that any Authorized Person be, and each hereby is, authorized and directed in the name and on behalf of the Company to engage the law firm of Young Conaway Stargatt & Taylor, LLP as Delaware bankruptcy counsel to represent and assist the Debtor Entities in carrying out their duties under the Bankruptcy Code or in the Chapter 11 Cases and to take any and all actions to advance the Debtor Entities' rights and obligations in the Chapter 11 Cases, the Restructuring Transactions and all related matters, and any such prior actions are hereby ratified in their entirety;

RESOLVED, that any Authorized Person be, and each hereby is, authorized and directed in the name and on behalf of the Company to engage Prime Clerk LLC, as claims and noticing agent and administrative advisors in connection with the Chapter 11 Cases, the Restructuring Transactions and all related matters, and any prior actions taken in connection therewith are hereby ratified in their entirety;

RESOLVED, that any Authorized Person be, and each hereby is, authorized and directed in the name and on behalf of the Company to engage Miller Buckfire & Co., LLC as advisor in connection with the Chapter 11 Cases, the Restructuring Transactions and all related matters, and any prior actions taken in connection therewith are hereby ratified in their entirety;

RESOLVED, that any Authorized Person be, and each hereby is, authorized and directed in the name and on behalf of the Company to engage FTI Consulting, Inc., as consultant in connection with the Chapter 11 Cases, the Restructuring Transactions and all related matters, and any prior actions taken in connection therewith are hereby ratified in their entirety;

RESOLVED, that any Authorized Person be, and each hereby is, authorized and directed in the name and on behalf of the Company to engage any other professionals to assist the Debtor Entities in carrying out their duties under the Bankruptcy Code or in the Chapter 11 Cases, the Restructuring Transactions and all related matters and to take any and all actions to advance the Debtor Entities' rights and obligations; and

RESOLVED, that any Authorized Person be, and each hereby is, authorized and directed in the name and on behalf of the Company to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain the services of the foregoing professionals as necessary.

## General Resolutions

RESOLVED, that any officer of the Company, each acting as an authorized person of the Company, and in the name and on behalf of the Company (each, an "Authorized Person"), is hereby authorized to take all actions such Authorized Person deems necessary or appropriate to cause the Company's subsidiaries, including the Debtor Entities, to take all actions such Authorized Person deems

necessary or appropriate to commence and pursue the Restructuring Transactions, the Restructuring Documents, Chapter 11 Cases, and to pursue, complete, and consummate the DIP Facility Transactions (including the provision of guarantees and the grant of security interests under the DIP Facility) and, in each case, all related matters, and to execute, deliver and file all such further documents, certificates, notices or instruments as may be required or as such Authorized Person may deem necessary or appropriate in furtherance of or in connection with each of the foregoing resolutions and to effectuate fully the purposes and intent thereof; and further, that it be, and it is hereby, confirmed that all such actions taken by such Authorized Persons are taken by such Authorized Persons as representatives of the Company and not in their personal capacity

RESOLVED, that any Authorized Person be, and each hereby is, authorized to take all actions such Authorized Person deems necessary or appropriate to pursue the Restructuring Transactions, the Restructuring Documents, Chapter 11 Cases, and to pursue, complete, and consummate the DIP Facility Transactions and, in each case, all related matters, and to execute, deliver and file all such further documents, certificates, notices or instruments as may be required or as such Authorized Person may deem necessary or appropriate in furtherance of or in connection with each of the foregoing resolutions and to effectuate fully the purposes and intent thereof;

RESOLVED, that any and all actions previously taken by any Authorized Person in furtherance of the transactions and matters authorized or contemplated by the foregoing resolutions be, and they hereby are, ratified, approved and confirmed in all respects and that said actions shall have the same force and effect as if they were taken with the prior approval of the Authorizing Body;

RESOLVED, that the omission from these resolutions of any agreement, document or other arrangement contemplated by any of the agreements, documents or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Person, or any officer of the Company acting at their direction, to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions;

RESOLVED, that the Company is hereby authorized to cause each of its direct and indirect subsidiaries, if any, to take all other actions and incur all other obligations as the Company may deem necessary in connection with the consummation of the Restructuring Transactions; and

RESOLVED, that any officer of the Company is hereby authorized to certify and deliver, to any person to whom such certification and delivery may be deemed necessary or appropriate in the opinion of such officer, a true copy of the foregoing resolutions.

**Fill in this information to identify the case:**

Debtor name    **North American Lifting Holdings, Inc.**

United States Bankruptcy Court for the:    District of Delaware

Case number (if known)

☐ Check if this is an amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.    Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐    *Schedule H: Codebtors* (Official Form 206H)
☐    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐    Amended *Schedule*
☒    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒    Other document that requires a declaration    **Consolidated Corporate Ownership Statement and List of Equity Interest Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **08/23/20**              X    ***/s/ Michael Appling, Jr.***
                                              Signature of individual signing on behalf of debtor

                                              **Michael Appling, Jr.**
                                              Printed name

                                              **Chief Executive Officer**
                                              Position or relationship to debtor

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy
26820170.1